UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

DONNA WILDER                                                                                  PLAINTIFF

V.                                            CIVIL ACTION NO. 3:08CV445 DPJ-JCS

GANESH, LLC & KAUSHIK PATEL                                DEFENDANTS

ORDER

This wage dispute is before the Court on motion of Defendants Ganesh, LLC d/b/a Sleep Inn & Suites ("Sleep Inn") and Kaushik Patel for summary judgment [14] pursuant to Federal Rule of Civil Procedure 56. The Court, having considered the motion and the pertinent authorities, concludes that Defendants' motion should be granted.

I.     Facts and Procedural History

Plaintiff Donna Wilder worked as assistant manager of the Sleep Inn & Suites in Pearl, Mississippi from August 2007 to February 2008. Her contract of employment provided that she would be paid $2,000 per month to serve as assistant manager. After her separation, Wilder filed this action alleging that her former employer failed to pay her the minimum wage for each hour worked in violation of the Fair Labor Standards Act (FLSA) (Count I).[1] She also asserts that Sleep Inn breached her contract of employment by failing to pay her $500 per week (Count II).[2]

On November 5, 2008, a scheduling order was entered in this case, setting a discovery deadline of April 6, 2009. Plaintiff, however, wholly failed to participate in discovery. The

---

[1] In other words, Plaintiff claims that instead of being paid a set salary, she should have been paid an hourly wage based on hours worked. Defendants characterize this allegation as a claim for "overtime."

[2] Plaintiff filed this action on behalf of herself and other similarly situated individuals; however, she has not sought to add additional plaintiffs or obtain class certification.

docket reflects that she did not file initial disclosures, notice any depositions or propound written discovery. The discovery deadline has now passed, and Defendants filed the instant motion seeking summary judgment as to all of Plaintiff's claims. Plaintiff failed to respond to the motion, and the time to do so has now passed.

II.     Analysis

    A.     Summary Judgment Standard

Summary judgment is warranted under Rule 56(c) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law. "The party moving for summary judgment bears the initial burden of 'informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact.'" *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)); *see also Custer v. Murphy Oil USA, Inc.*, 503 F.3d 415, 422 (5th Cir. 2007) (noting that the moving party bears the "burden of demonstrating that there is no genuine issue of material fact"). "The non-moving party must then come forward with specific facts showing there is a genuine issue for trial." *Washburn*, 504 F.3d at 508.

In this case, Plaintiff filed no response, but that alone will not justify granting Defendants' motion. *See* Uniform Local Rule 7.2(C)(2) (establishing that summary judgment motions may not be granted as unopposed). As explained by the Fifth Circuit, district courts must first consider the record.

> [I]f the moving party fails to establish by its summary judgment evidence that it is entitled to judgment as a matter of law, summary judgment must be denied--even if the non-movant has not responded to the motion. But where the movant's

> summary judgment evidence does establish its right to judgment as a matter of law, the district court is entitled to grant summary judgment, absent unusual circumstances.

*McDaniel v. Sw. Bell Tel.*, 979 F.2d 1534, 1992 WL 352617, at *1 (5th Cir. 1992) (unpublished table decision) (citations omitted) (affirming summary judgment where counsel failed to file timely response).

In other words, the Court cannot grant a summary judgment motion for the mere lack of response, but if the record establishes that the movant met its burden under Rule 56(c), then the absence of responsive affidavits or other record evidence creating a genuine issue for trial will justify an order granting the motion. *Id.*; *see also Sanders v. Bell Helicopter Textron Inc.*, 199 F. App'x 309, 310 (5th Cir. 2006) (holding that record supported summary judgment where non-movant failed to respond); *Stewart v. City of Bryan Public Works*, 121 F. App'x 40, 42 (5th Cir. 2005) (same); *Ahart v. Vickery*, 117 F. App'x 344, 344 (5th Cir. 2004) (same).

B. Motion for Summary Judgment

In the present case, the Court has fully considered Defendants' motion for summary judgment, the record evidence attached thereto, and the applicable law, and finds that Defendants met their burden under Rule 56(c) for the reasons explained in its supporting memorandum.

First, as to Plaintiff's claim that she is entitled to overtime under the FLSA, this claim must fail because Plaintiff falls under the executive exemption. "The FLSA overtime pay requirements do not apply to those employees who work" in an administrative or professional capacity. *Lovelady v. Allsup's Convenience Stores, Inc.*, 304 F. App'x 301, 304 (5th Cir. 2008). An employee is qualified under the executive exemption if 1) she is compensated on a salary basis of no less than $455.00 per week; 2) her primary duty is management of the enterprise; 3)

she customarily directs the work of two or more employees; and 4) she has the authority to hire and fire other employees, or recommend such action. 29 C.F.R. § 541.100(a). Defendants have submitted record evidence, including Plaintiff's contract for employment, Plaintiff's payroll data, staff employment forms signed by Plaintiff, a copy of a notice of a staff meeting called by Plaintiff, and a verified application for employment with another hotel wherein Plaintiff states that while at Sleep Inn, she was "running the whole hotel." In sum, the unrebutted record evidence confirms that Plaintiff qualifies for the executive exemption, and thus, her claim for hourly wages found in Count I of her Complaint is due to be dismissed.[3]

Second, Plaintiff's breach of contract claim must also fail. In her Complaint, Plaintiff alleges that Defendants failed to pay her $500 per week in accordance with her contract of employment (Count II). Defendants, however, have submitted unrebutted record evidence in the form of Plaintiff's payroll data which reflects that she was paid $1000 biweekly. As such, the Court finds that summary judgment is warranted as to Plaintiff's breach of contract claim. For these reasons, the Court finds that Defendants' motion should be granted on the merits.

III.     Conclusion

IT IS HEREBY ORDERED that Defendants' motion is granted and Plaintiff's claims are dismissed with prejudice. A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 7th day of July, 2009.

                                      s/ *Daniel P. Jordan III*
                                      UNITED STATES DISTRICT JUDGE

---

[3] Defendants also submit, in the alternative, that Plaintiff has not produced any evidence that she worked in excess of forty (40) hours per week.